UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES ALLEN BATEHOLTS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-24-1099-J |
| ) | |
| ATTORNEY GENERAL OF THE STATE ) | |
| OF OKLAHOMA, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

Petitioner, a state prisoner appearing pro se, initiated this habeas corpus action under 28 U.S.C. § 2254 in October 2024. (Pet.) [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Amanda Maxfield Green consistent with 28 U.S.C. § 636. [Doc. No. 4].

On December 13, 2024, Judge Green issued a Report and Recommendation recommending that the Court dismiss Petitioner's § 2254 action as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241 *et seq.*[1] *See* (R. & R.) [Doc. No. 10]. Petitioner objected to the Report and Recommendation on December 30, 2024. (Obj.) [Doc. No. 11]. The Court "applies de novo review to those findings on which [Petitioner] specifically objected but reviews the non-objected to portions of the Recommendation only to confirm that there is no clear error on the face of the record." *Gauthier v. Hunt*, No. CIV-20-1153-J, 2021 WL 1886297, at *2 (W.D. Okla. May 11, 2021) (cleaned up).

---

[1] Roughly two months earlier, Judge Green issued a Report and Recommendation finding that Petitioner had sufficient funds to pay the $5.00 filing fee for this habeas action. [Doc. No. 5]. She thus recommended denying Petitioner's then-pending application to proceed in forma pauperis and requiring him to pay the filing fee for the action to proceed. *Id.* Before this Court acted on Judge Green's recommendation, Petitioner paid the $5.00 filing fee. [Doc. No. 8]. This Court then re-referred the matter for further proceedings consistent with the initial case referral. [Doc. No. 9].

I. **Background**[2]

In March 2010, following an Oklahoma state-court guilty plea to lewd or indecent proposals to a child under the age of 16, Petitioner was sentenced to 30 years' imprisonment with all but the first 20 years suspended. Nearly 11 years later, in February 2021, Petitioner moved to withdraw his guilty plea, a request the state district court promptly denied.[3] Petitioner then appealed to the Oklahoma Court of Criminal Appeals (OCCA), which dismissed his appeal because he did not move to withdraw his plea within 10 days from the date of the judgment and sentence, as required by Oklahoma law.

From 2021 to 2024, Petitioner filed a series of applications for post-conviction relief, all of which were denied by the state district court. One such application, filed in January 2024, sought leave to appeal out of time. Then, in March 2024, Petitioner filed a petition to appeal out of time with OCCA, which dismissed the petition after declining jurisdiction for procedural deficiencies.

Finally, in June 2024, Petitioner filed two additional post-conviction applications with the state district court—both seeking an appeal out of time—and both were denied. OCCA affirmed

---

[2] This procedural background is derived from Petitioner's § 2254 petition and the state-court docket sheets tied to Petitioner's underlying criminal case, Case No. CF-2009-109, and related appeals, Case Nos. C-2021-326, PC-2024-234, PC-2024-628, publicly available at https://www.oscn.net/dockets/. This Court may take judicial notice of the state-court docket sheets. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("[W]e may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand."); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system . . . .").

[3] Before and after formally moving to withdraw his plea, Petitioner asked the state district court to modify his sentence. The court denied these requests.

the denial of post-conviction relief in September 2024. Petitioner then filed this § 2254 action one month later.

Petitioner raises a single ground for habeas relief, citing his "mental competency based on psychotic disorder." Pet. at 5 (cleaned up). He asserts that "since March 2010, [he] was diagnosed with a psychotic disorder by a mental health provider." *Id.* (cleaned up).

## II.    Report and Recommendation

The AEDPA imposes a one-year statute of limitations on filing a § 2254 habeas petition. 28 U.S.C. § 2244(d)(1). This statute of limitations begins to run from the latest of four dates: (1) the date on which the judgment became final by the conclusion of direct review or expiration of the time to seek direct review; (2) the date on which an unconstitutional or unlawful impediment to filing an action was removed; (3) the date on which a new constitutional right was initially recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; and (4) the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)–(D). Once the AEDPA's statute of limitations begins to run, the limitations period can be tolled through statutory tolling or equitable tolling. The AEDPA's statutory tolling provision excludes from the limitations period "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." *Id.* § 2244(d)(2). Equitable tolling may also "pause[] the running of . . . [the] statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action."[4] *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014).

---

[4] Equitable tolling may also be appropriate "when a prisoner is actually innocent." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). To qualify for the actual innocence exception, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted

On review, Judge Green reasoned that, absent tolling, Petitioner had until March 23, 2011, to file his habeas petition under § 2244(d)(1)(A). *See* R. & R. at 5. She further concluded that because Petitioner did not seek state post-conviction relief until well after the limitations period had expired, that effort did not statutorily toll the statute of limitations under § 2244(d)(2). *See id.* Thus, because Petitioner's § 2254 action was initiated in October 2024, Judge Green determined that the action was untimely under § 2244(d)(1)(A). *See id.*

Judge Green found, too, that § 2244(d)(1)(B) was inapplicable. *See id.* at 6. Although Petitioner asserts that he failed to raise a direct state appeal because he was held in a county jail for seven months and could not obtain his case file from the state district court, Judge Green reasoned that any such impediment lasted less than a year. *Id.* Moreover, Petitioner provided no other facts showing that his lack of access to court transcripts prevented him from pursuing either state post-conviction relief or federal habeas relief.[5] *Id.*

Finally, Judge Green concluded that Petitioner's alleged mental incompetency did not warrant equitable tolling and did not establish actual innocence to overcome the time bar. *Id.* at 7–9.

### III. Petitioner's Objection

In his brief objection, Petitioner asks the Court to grant him "a preliminary evidentiary hearing to fully show the facts of [his] mental illness." Obj. at 1 (cleaned up). He lists several of his apparent mental health diagnoses and the associated medications prescribed. *See id.* at 1–2.

---

him in the light of new evidence." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

[5] Petitioner did not allege facts implicating § 2244(d)(1)(C) or (D).

The Court has no reason to doubt that Petitioner faces mental health challenges. Still, he would need to "show that his alleged mental impairment caused the untimeliness." *United States v. Barger*, 784 F. App'x 605, 608 (10th Cir. 2019) (unpublished) (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (equitable tolling requires a showing "that the failure to timely file was caused by extraordinary circumstances beyond his control")). "In other words, 'mental impairment is not *per se* a reason to toll a statute of limitations.'" *Del Rantz v. Hartley*, 577 F. App'x 805, 810 (10th Cir. 2014) (unpublished) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)).

Here, Petitioner has not established the requisite nexus between his alleged mental incompetency and his untimely filings. The Court thus agrees with Judge Green's determination that Petitioner's § 2254 action is untimely and should be dismissed.

## IV.    Conclusion

For the reasons above, the Court ADOPTS the Report and Recommendation [Doc. No. 10] and DISMISSES Petitioner's § 2254 action WITH PREJUDICE.

In this case, a certificate of appealability (COA) may issue only if Petitioner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the [Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon review, the Court concludes that Petitioner is not entitled to issuance of a COA. A COA is therefore DENIED.

IT IS SO ORDERED this 10th day of January, 2025.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE